UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK HUDSON | CIVIL ACTION |
| VERSUS | NO. 08-4754 |
| SCHLUMBERGER TECHNOLOGY CORPORATION, ET AL. | SECTION "N" (2) |

## ORDER AND REASONS

Presently before the Court is the Motion for Summary Judgment filed by Defendants Alpha Marine Services, Inc. ("Alpha"), and BP Exploration and Production, Inc. ("BP") during the week prior to trial (Rec. Doc. 81).[1] For the reasons stated herein, **IT IS ORDERED** that the motion is **GRANTED** and that Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

As stated in the Court's Order and Reasons regarding Defendants' first summary judgment motion (Rec. Doc. 73), Plaintiff, Mark Hudson, filed this action against Schlumberger Technology Corporation ("STC"), Alpha, and BP for injuries that he sustained while performing seismic activities onboard the M/V C-Commander (the "vessel").[2] STC is Hudson's employer,

---

[1] Notwithstanding the proximity to the trial date, Plaintiff did not oppose Defendants' request that they be allowed to file a second dispositive motion well past the applicable deadline. Defendants similarly did not opposed Plaintiff's request to file a second supplemental and amending complaint (Rec. Doc. 84)

[2] The Court granted in part and denied in part Defendants' initial motion for summary judgment. *See* Rec. Doc. 73. As part of those rulings, STC was dismissed from the litigation.

Alpha owns the vessel, and BP chartered the vessel. BP hired STC to provide seismic services aboard the vessel. At the time of the accident, during the early morning hours of May 1, 2008, Plaintiff was assisting in spooling the seismic lines from the aft deck of the vessel. Plaintiff alleges that, as he picked up one of the lines, he stepped in one of the several uncovered pad-eye holes, and twisted his knee.[3] Pointing to additional discovery *not* submitted in connection with the first summary judgment motion, the remaining defendants, Alpha and BP, urge that Plaintiff cannot satisfy his evidentiary burden with respect to the claims he has asserted under section 5(b) of the Longshore and Harbor Workers Compensation ACT ("LHWCA"), 33 U.S.C. § 905(b). Having reviewed the parties' submissions, particularly including the additional evidentiary submissions, the Court agrees with Defendants.

## LAW AND ANALYSIS

**I.** **Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

---

[3] The Court understands a "pad-eye" to be a tie-down ring that, in this instance, was located in a hole in the deck of the vessel.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to

summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II. Application

As previously stated, the Supreme Court, in *Scindia Steam Navigation Co. v. De Los Santos,* 451 U.S. 156, 101 S. Ct. 1614 (1981), articulated the scope of a vessel's duty under section 5(b) of the LHWCA. The Court explained that vessel liability may be found in three instances:

> 1) if the vessel owner fails to warn on turning over the ship of hidden defects of which he should have known.
>
> 2) for injury caused by hazards under the control of the ship.
>
> 3) if the vessel owner fails to intervene in the stevedore's operations when he has actual knowledge both of the hazard and that the stevedore, in the exercise of obviously improvident judgment, means to work on in the face of it and therefore cannot be relied on to remedy it.

4

*Greenwood v. Societe Francaise De Transportes Maritime,* 111 F.3d 1239, 1245 (5th Cir.), *cert. denied*, 522 U.S. 995, 118 S. Ct. 558 (1997) (internal quotations and citations omitted).[4]

In its earlier rulings, the Court assumed, for purposes of that motion, that Defendants were entitled to summary judgment with respect to their turnover duties and their duties to exercise reasonable care in areas of the vessel under their control. In ruling upon the instant motion, the Court now specifically finds that to be true. The summary judgment evidence undisputedly reflects Plaintiff's prior awareness of the numerous, uncovered pad-eye holes, which were marked with orange paint, and that the holes allegedly were temporarily covered water at the time of his accident.

Nor is there a triable issue with respect to Defendants' asserted "control" of Plaintiff's work area. A vessel captain's undisputed general authority regarding the entirety of the vessel does not equate to the "active or operational" control contemplated by the second *Scindia* duty.[5] With respect to BP, Plaintiff has demonstrated only that its (now former) employee, Willie Davis,[6] arguably oversaw STC's initial setup of its seismic equipment aboard the vessel. Plaintiff does not cite to any evidence, however, demonstrating that Mr. Davis, or any other BP employee, thereafter

---

[4] "[I]n order for the expert stevedore's judgment to appear 'obviously improvident,' that expert stevedore must use an object with a defective condition that is so hazardous that anyone can tell that its continued use creates an unreasonable risk of harm even when the stevedore's expertise is taken into account." *Greenwood,* 111 F.3d at 1249. S*ee also Manuel v. Cameron Offshore Boats, Inc.,* 103 F.3d 31, 33 n.6 (5th Cir. 1997) (noting the application of *Scindia* to independent contractors other than stevedores under the LHWCA).

[5] S*ee Fontenot v. McCall's Boat Rentals, Inc.*, 227 Fed. Appx. 397, * 403-404, 2007 WL 1428985, ** 4-5 (5th Cir.) (unpub.)(distinguishing *Scindia* "active control" from the vessel captain's ultimate authority over the entire ship).

[6] The Court understands that this person's last name actually may be "Davidson" rather than "Davis."

directed STC's operations aboard the vessel such that BP maintained the type of control required to trigger the second *Scindia* duty.[7]

Turning to the third *Scindia* duty, the duty to intervene, the Court, in denying Defendants' original motion, emphasized the very limited testimonial evidence that had been submitted by the parties at that juncture.[8] Further, in that motion, Alpha and BP did not contest that their respective vessel employees were aware that some pad-eye holes were not covered. Rather, they asserted only that the holes did not create a dangerous condition from which STC unreasonably failed to protect Plaintiff.[9] Thus, for the reasons stated in the earlier Order and Reasons, the Court, drawing all reasonable inferences in Plaintiff's favor, previously concluded that, on the limited showing made, triable issues existed to the contrary.

Significantly, however, Defendants' present motion contends that Plaintiff, upon the eve of trial, cannot point to evidence sufficiently demonstrating that, at the time of the accident, Alpha and BP knew that the uncovered pad-eye holes created an unreasonable risk of harm *and* that STC was exercising "obviously imprudent judgment" in response to that risk. On the showing made, particularly given that all discovery should now be completed and, importantly, that "primary responsibility for the safety of the longshoremen rests upon the stevedore [STC]," the Court must agree. *Greenwood,* 111 F.3d at 1245 (quoting *Randolph v. Laeisz*, 896 F.2d 964, 970 (5th Cir.1990)).

---

[7] The Court has been informed by the parties that Mr. Davis' present whereabouts are unknown. Thus, he was not deposed in connection with this litigation.

[8] As previously noted by the Court, the only deposition testimony initially submitted by the parties was that of Plaintiff and Alfredo Arevalo, another STC employee.

[9] *See* Rec. Doc. 46 at pp. 22-23 and Rec. Doc. 62 at p. 6.

6

The Court assumes that all of Defendants' personnel aboard the vessel were aware that at least some of the pad-eye holes in Plaintiff's work area usually were uncovered. Further, the Court assumes that Plaintiff is correct in asserting that, when in the wheel house on the vessel's bridge, the captain *could* observe Plaintiff's conduct. That being so, Plaintiff does not point to any evidence demonstrating that the captain, Alexander McLeod, actually was aware that Plaintiff and his fellow STC employee, Mark Boatwright, had not taken any precautionary measures, *at the time of the accident*, relative to the open holes that Plaintiff alleges were temporarily covered with a film of water and difficult to see in the dim early morning light. Indeed, Mr. McLeod apparently was not questioned regarding this issue at his deposition.

Furthermore, and significantly, there is no evidence that Plaintiff and Mr. Boatwright were inexperienced with typical vessel dangers, or how to safely conduct their seismic operations while aboard vessels. Nor is there any evidence that any other member of the vessel crew was informed of the particular adverse conditions allegedly faced by Plaintiff at the time of the accident *and* that he and his fellow employee were taking no precautionary measures. Finally, there is no evidence that Plaintiff or anyone else asked about, and were denied, use of the available hole covers during the course of this particular task. Under these circumstances, the Court cannot find that the vessel crew may have legally erred in relying upon the STC employees, including Plaintiff, to respond appropriately to any vessel hazards encountered during the course of their work.

The Court reaches the same conclusion with respect to BP. There is no dispute that Mr. Davis was not present at the time of Plaintiff's accident. And, despite having had the opportunity to gather and submit additional evidence since the filing of the first motion for summary judgment, Plaintiff does not now present evidence that Mr. Davis actually was aware that Plaintiff

would not act reasonably if conditions became such that Plaintiff could not readily see, and thus avoid, stepping in the uncovered pad-eye holes. Similarly, Plaintiff has not pointed to any evidence that any *other* BP personnel possessed this knowledge. Indeed, the Court is unaware whether any other BP personnel were aboard the ship at the time of Plaintiff's accident. Thus, as presented, the Court likewise cannot find that Plaintiff has met his summary judgment burden relative to BP.

## CONCLUSION

As stated herein, **IT IS ORDERED** that summary judgment is **GRANTED** in favor of Defendants Alpha Marine Services, Inc., and BP Exploration and Production, Inc. Accordingly, **IT IS FURTHER ORDERED** that the claims asserted by Plaintiff, Mark Hudson, are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 5th day of March 2010.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE