UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK HUDSON | CIVIL ACTION |
| VERSUS | NO. 08-4754 |
| SCHLUMBERGER TECHNOLOGY CORPORATION, ET AL. | SECTION "N" (2) |

### ORDER AND REASONS

Presently before the Court is a "Motion for Reconsideration and/or New Trial" filed by Plaintiff, Mark Hudson (Rec. Doc. No. 97). For the reasons stated herein, **IT IS ORDERED** that the motion is **DENIED**.

Plaintiff's motion essentially asks the Court to reconsider and set aside the adverse summary judgment rulings that dismissed his claims against Defendants Alpha Marine Services, Inc. ("Alpha"), and BP Exploration and Production, Inc. ("BP"). *See* Rec. Doc. 95. As this Court has frequently explained with respect to such motions:

> "In the Federal Rules of Civil Procedure there is no 'motion for reconsideration' in *haec verba. Harrington v. Runyon*, 98 F.3d 1337, at *1 (5th Cir.1996) (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990)). "Any motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Id.*
>
> If a motion for reconsideration is filed within [28] days of the entry of the order or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after [28] days, it will be treated as a 60(b) motion." *Id.* (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir.1989); *Harcon Barge Co. v. D & G Boat*

> *Rentals, Inc.*, 784 F.2d 665, 667-69 (5th Cir.1986)).
>
> A Rule 59(e) motion "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp*.), 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir.1990). There are considerations that limit this discretion, however: (1) the need to bring litigation to an end and (2) the need to render just decisions on the basis of all of the facts. *Id.*
>
> "Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, No. Civ.A. 99-2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002) (Duval, J.)

*See Stanley ex rel Bankrupcty Estate of Gary Eugene Hale v. Trinchard*, Civ. Action No. 02-1235, 2008 WL 3975628, *1-2 (E.D. La. 8/26/08) (Africk, J.); *see also A.M.C. Liftboats, Inc. v. Apache Corp.*, Civ. Action No. 06-10543, 2008 WL 1988807, *1 (E.D. La. 5/05/08) (Engelhardt, J.).

Here, Plaintiff has not shown that any of the aforementioned grounds for relief under Rule 59(e) exist. No newly available evidence or an intervening change in the controlling law have been identified. Nor is the Court persuaded that its summary judgment rulings rest upon a manifest error of law or fact, or that, absent reconsideration of them, manifest injustice will occur. Rather, Plaintiff's motion primarily re-urges arguments regarding Defendants' alleged "active control" and/or limited duty to intervene that either were previously argued or could have been. In other respects,

it conflates relevant time periods and asks the Court to accept inferences that are not warranted by the submitted summary judgment evidence.  This the Court will not do.[1]

       New Orleans, Louisiana, this __20th__ day of December 2010.

                                            **KURT D. ENGELHARDT**
                                         **UNITED STATES DISTRICT JUDGE**

---

[1] As previously stated, although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 of the Federal Rules of Civil Procedure does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  To the contrary,  Rule 56 of the obligates the nonmoving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports his [or her] claims.  *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).  Further, the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).  Significantly, motions for reconsideration are not acceptable after-the-fact substitutes for the initial due diligence that Rule 56 requires of non-movants in opposing a motion for summary judgment.

3